IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TOM EDWARD HENDERSON                                              PLAINTIFF

      v.                          Civil No. 13-2126

SERGEANT LAMBERT; and
MRS. JEANETTA, both working
at the Sebastian County Detention
Center and both sued in their individual
and official capacities                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The matter is presently before me for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

### I. Background

According to the complaint, on March 25, 2013, Plaintiff was picked up by the Defendants in Wrightsville, Arkansas, and transported to the Sebastian County Detention Center (SCDC) in Fort Smith, Arkansas. They stopped in Malvern, Arkansas, and picked up another prisoner. Plaintiff alleges that during this trip Mrs. Jeanetta smoked about ten cigarettes. Plaintiff told her he thought that smoking was a bad idea since inmates were in the van. By the time the van arrived in Fort Smith, Plaintiff alleges his chest began hurting and has been hurting every since.

-1-

On April 10th, Plaintiff was transported back to Wrightsville, and again exposed to second hand smoke. Plaintiff indicates Sergeant Lambert and a female officer, name unknown, were both smoking. When he arrived back at his unit, Plaintiff states his chest was hurting and he "probably got cancer." (Doc. 2 at pg. 5).

## II. Discussion

Because Plaintiff is seeking to proceed IFP, the Court must first determine whether the Plaintiff qualifies for such status under 28 U.S.C. § 1915(a). In reviewing Plaintiff's IFP motion, I note that Plaintiff currently has no income except small amounts put in his account by relatives and his institution of incarceration certified he had a balance of $1.58 with an average balance of $61.83. Accordingly, it does appear that Plaintiff qualifies for IFP status due to his economic circumstances.

The Court must next determine whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,

-2-

570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. While *pro se* complaints are to be construed liberally, they must still allege sufficient facts to support claims asserted. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Upon review of the complaint, I conclude that this case is subject to dismissal. "The Eighth Amendment places a duty on prison officials to provide humane conditions of confinement." *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995)(*citing, Farmer v. Brennan*, 511 U.S. 825 (1994)). The Eighth Amendment's prohibition against cruel and unusual punishment is violated when a detention center or a correctional facility acts with deliberate indifference to an inmate's serious medical needs. Deliberate indifference to either existing serious medical needs or to conditions posing a substantial risk of serious future harm violates the Eighth Amendment. *Weaver*, 45 F.3d at 1255 (citations omitted).

In *Helling v. McKinney*, 509 U.S. 25 (1993), the Supreme Court held that the involuntary exposure of a prison inmate to environmental tobacco smoke (ETS) could form the basis of a claim for relief under the Eighth Amendment. *Id.* at 35. The Supreme Court rejected the prison officials' "central thesis that only deliberate indifference to current serious health problems of inmates is actionable under the Eighth Amendment." *Id.* at 34. It concluded the Eighth Amendment protected against not only immediate present harm but also against future harm. *Id.*

The *Helling* case involved a claim of exposure to environmental tobacco smoke (ETS). The Court said McKinney should be provided with an opportunity to prove his allegations, which would "require him to prove both the subjective and objective elements necessary to prove an

-3-

Eighth Amendment violation." *Helling*, 509 U.S. at 35.  With respect to the objective factor, the Court noted "McKinney must show that he himself is being exposed to unreasonably high levels of ETS." *Id*.  The Court stated that more was required:

> than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS.  It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.  In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Id*. at 36.  With respect to the subjective component, deliberate indifference, it was noted that consideration could be given to the realities of prison administration and the policies of the prison facility.  *Id*.

Here, Plaintiff was on two occasions subjected to ETS while being transported between Wrightsville and Fort Smith a distance of approximately 170 miles.  He alleges no other exposure.  Plaintiff has not alleged that he had a serious medical condition that required a smoke-free environment.  *Helling*, of course, set no standards for determining what constitutes an "unreasonably high level" of exposure to second-hand smoke.  It is left to the courts to determine on a case by case basis whether a particular inmate's exposure created an unreasonable risk of serious damage to his future health.

Without attempting to quantify the severity or length of the exposure necessary,  we conclude Plaintiff's claim fails as a matter of law.  His exposure was limited to a fairly short drive on two occasions. To state a claim under *Helling*, the inmate must allege that "prison officials have, with deliberate indifference, exposed the prison to levels of environmental tobacco smoke which pose an unreasonable risk of serious damage to the prisoner's *future*

-4-

health." *Weaver v. Clarke*, 45 F.3d 1253, 1255-56 (8th Cir. 1995).  Certainly, it cannot be said

that this limited exposure of which Plaintiff complains is one which today's society would not

tolerate.  *See e.g., Richardson v. Spurlock*, 260 F.3d 495 (5th Cir. 2001)(occasional exposure

to second-hand smoke during rides to and from work assignments is not sufficiently severe and

sustained); *Oliver v. Deen*, 77 F.3d 156 (7th Cir. 1996)(asthmatic inmate who was housed for

133 days with cell-mates who smoked failed to demonstrate he had a serious medical need or that

he was denied the minimal civilized measure of life's necessities); *Guilmet v. Knight*, 792 F.

Supp. 93 (E.D. Wash. 1992)(claim of an inmate who was housed with a smoker for 15 days

failed).  *See also Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir.  2001)(In a case involving a

prison's water supply, the court noted that "[m]any Americans live under conditions of exposure

to various contaminants.  The Eighth Amendment does not require prisons to provide prisoners

with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial

numbers of free Americans.").

### III.  Conclusion

Accordingly, I recommend that Plaintiff's motion to proceed IFP (Doc. 1) be denied and

that the complaint be dismissed in its entirety as it is frivolous or fails to state a claim upon

which relief may be granted.   See 28 U.S.C.  §  § 1915(e)(2)(B) & 1915A(b).  I further

recommend that this case be considered as a "strike" for purposes of 28 U.S.C. § 1915(g), and

the District Court Clerk be directed to place the appropriate case flag on this case.

**The Plaintiff has fourteen (14) days from receipt of this report and recommendation**

**in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff**

-5-

AO72A
(Rev. 8/82)

**is reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 31st day of January 2014.


/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-6-